# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES H. DONELL, PERMANENT
RECEIVER FOR GLOBAL EXPRESS
CAPITAL REAL ESTATE INVESTMENT
FUND I, LLC,

    Plaintiff,

vs.

PERPETUAL INVESTMENT, INC., a
Nevada corporation; ROBERT E. RIPPE,
Individually,

    Defendants.

2:04-CV-01172-KJD-LRL

**O R D E R**

    Presently before the Court is the Motion of Plaintiff for Partial Summary Judgment (#14). The Court has also considered the Opposition (#15) and the Reply (#16).

    Also, before the Court is Defendant ROBERT E. RIPPE's Motion for Summary Judgment (#17). The Court has also considered the Opposition (#18) and the Reply (#19).

## BACKGROUND

    On or about April 4, 2002, Defendants PERPETUAL and RIPPE executed and delivered to GLOBAL EXPRESS CAPITAL REAL ESTATE INVESTMENT FUND I, LLC, a Promissory Note in the principal sum of $1,517,000 for value received. The Note was secured by a Deed of Trust encumbering land in Clark County, Nevada. There is no dispute that the note is genuine or that it was executed by ROBERT E. RIPPE on behalf of PERPETUAL INVESTMENT, INC. and by ROBERT E. RIPPE as personal guarantor.

On or about October 10, 2002, Defendants entered into a renewal, extension and/or modification agreement with GLOBAL EXPRESS which modified the principal amount of the note to $1,692,000 ("Modification Agreement").  The Modification Agreement is signed by ROBERT E. RIPPE on behalf of PERPETUAL INVESTMENT, INC.  ROBERT E. RIPPE is the sole member, stockholder and president of PERPETUAL INVESTMENT.  However, RIPPE did not sign the Modification Agreement as a personal guarantor.  The Modification Agreement is secured by the original Deed of Trust which has been re-recorded in the Office of Clark County Recorder.

As stated, the Modification Agreement provided for an increase in the principal amount of the note and further provided "that it is understood and agreed that all other terms and/or conditions of the above-mentioned Note and Deed of Trust . . . shall remain in full force and effect without change, except as herein-above otherwise specifically provided".  The note is interest only with a final payment maturity date of April 25, 2003.  Defendants failed to make the payment due on that date and as a result, Plaintiff foreclosed on the property on or about July 21, 2004.  Plaintiff was the successful bidder at the foreclosure sale with a credit bid of $646,000.  Plaintiff now seeks partial summary judgment as to the liability of Defendants on the note.  Likewise, Defendant ROBERT E. RIPPE seeks partial summary judgment that his liability as a guarantor of the note has been discharged by the Modification Agreement.

Defendants contend that because ROBERT E. RIPPE did not execute the Modification Agreement as guarantor, and because the increase in the principal amount of the note constituted a material modification of the obligation of RIPPE to which he did not consent, he is thereby discharged from his obligation on the guaranty.

Plaintiffs contend that RIPPE is personally obligated as guarantor because he may be deemed to have consented to modification of the original note, that the modification

2

1   adopted by reference all other terms and conditions of the original note, including the

2   guaranty, and that as president and sole owner of the obligor on both documents, he

3   benefitted from the increased amount.  Plaintiffs further assert that RIPPE is a compensated

4   guarantor, that the modification was for the furtherance of his own business interests and

5   that, accordingly, he cannot demonstrate that there was a material alteration that increased

6   his risks or caused him injury.

7                                                    ANALYSIS

8           In Williams v. Crusader Disc. Corp., 334 P.2nd 843 (Nev. 1959), the Nevada

9   Supreme Court held that the substitution of a new obligation for an existing one effects a

10  novation, which thereby discharges the parties from all of their obligations under the former

11  agreement inasmuch as such obligations are extinguished by the novation.  It is also clear

12  that, absent consent to a novation, a guarantor is absolved of his liability, because the debt to

13  which his obligation was collateral has been discharged.  Id. at 70-71.   However, the Court

14  has also recognized that an exception may exist where the guarantor consents to a change or

15  alteration in the terms of the contract.  Lee Tire & Rubber Co. of N.Y. v. McCarran, 55 P.2d

16  633 (Nev. 1936).  Assent may be inferred from conduct and other circumstances.  Nev.

17  Bank of Commerce v. Esquire Real Estate, Inc., 468 P.2d 22 (Nev. 1970).

18          The Court agrees that the modification is clear and unambiguous on its face, that it

19  does not change the terms of the original note.  It is not a novation.  The modification

20  specifically provides that all terms and conditions of the Note and Deed of Trust shall

21  remain in full force and effect "except as hereinabove specifically provided".  That

22  provision constitutes a clear and unambiguous adoption by reference of all previous terms

23  and conditions, including the guaranty.  Thus, RIPPE is still responsible as guarantor.

24          Even assuming the Court is not correct in its legal conclusion that the contract

25  language is clear and unambiguous, Plaintiff has not introduced any evidence in support of

26

1   his affirmative defense of discharge to establish that it was intended by the parties that

2   RIPPE's guaranty would be eliminated pursuant to the modification.  Accordingly, RIPPE

3   would still be liable as a guarantor for, at minimum, the amount of the original note.

4        It is undisputed that RIPPE as president and sole owner of PERPETUAL was aware

5   of the Modification Agreement and that additional funds were obtained for his business

6   interests as a result of it.  He does not dispute the claim that the additional funds benefitted

7   his business.  Also, were it intended that the modification should release RIPPE as a

8   personal guarantor, a provision to that effect or an exception to the incorporation clause of

9   the Modification Agreement would have accomplished that result.

10       Given the ownership of PERPETUAL, the Court can find as a matter of law that

11  RIPPE is a compensated guarantor.  <u>Marc Nelson Oil Prods., Inc. v. Grim Logging Co., Inc.</u>,

12  110 P.3d 120, 125 (Or. Ct. App. 2005).  In order for a compensated guarantor to be

13  discharged from his guaranty contract, he must demonstrate a material alteration of the

14  underlying agreement made without his consent that increased his risk or caused him injury.

15  Whether the guarantor's risk is materially increased by a particular modification ultimately

16  will turn on the particular facts of each case.  <u>See</u> <u>Marshall-Wells Co. v. Tenney</u>, 244 P. 84,

17  87-88 (Or. 1926).  Because RIPPE executed the modification for furtherance of his own

18  business interests as president and sole owner of PERPETUAL, he can neither demonstrate

19  he was unaware of the modification, nor can he show a material alteration that increased his

20  risk or caused him injury.

21                                 <u>CONCLUSION</u>

22       Defendants have failed to demonstrate the existence of any material issues of fact in

23  dispute.  The Court finds that the obligation of ROBERT E. RIPPE as guarantor under the

24  original note and the modification has not been discharged.

25

26

4

1        Accordingly, Plaintiff's Motion for Partial Summary Judgment (#14) is **GRANTED**.

2    IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (#17) is

3    **DENIED** as moot.

4        DATED this 25 day of September, 2006.

5

6

7    _____
     Kent J. Dawson

8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26