RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
MICHELLE L. CANTWELL, ESQ.
Nevada Bar No. 007638
**KOLESAR & LEATHAM, CHTD.**
3320 West Sahara Avenue, Suite 380
Las Vegas, NV 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:    rhoward@klnevada.com
           mcantwell@klnevada.com

Attorneys for Permanent Receiver
**JAMES H. DONELL**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAMES H. DONELL, PERMANENT RECEIVER FOR GLOBAL EXPRESS CAPITAL REAL ESTATE INVESTMENT FUND I, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>PERPETUAL INVESTMENT, INC., a Nevada corporation; and ROBERT E. RIPPE, Individually;<br><br>          Defendants. | Case No. 2:04-cv-1172-KJD-LRL<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>**Trial Date: May 7, 2007**<br><br>**Time:        9:00 a.m.** |

This case came on for trial before the Court on May 7, 2007, for a determination of all claims between Plaintiff James H. Donell, Permanent Receiver for Global Express Capital Real Estate Investment Fund I, LLC ("Plaintiff") and Defendants Perpetual Investment, Inc. ("Perpetual") and Robert E. Rippe ("Rippe") (collectively "Defendants").

Plaintiff appeared by and through its counsel, Randolph L. Howard, Esq. and Michelle L. Cantwell, Esq. of Kolesar & Leatham, Chtd. and Defendants appeared through their counsel Erika P. Turner, Esq. of Gordon and Silver.

. . .

The Court, having heard and considered the testimony of duly sworn witnesses, examined exhibits introduced at trial, and considered the arguments presented, and good cause appearing, hereby makes and enters the following Findings of Fact and Conclusions of Law.

## **FINDINGS OF FACT**

1. James H. Donell, is the duly appointed, qualified and acting Permanent Receiver pursuant to this Court's Order entered December 18, 2003 in that certain action entitled *Securities and Exchange Commission, Plaintiff, versus Global Express Capital Real Estate Investment Fund I, LLC, (the "Fund") et al.,* in Case No. 2:03-cv-1514-KJD-LRL.

2. Pursuant to the Pretrial Order (Document No. 24) the parties admit Plaintiff was appointed Permanent Receiver by this Court in that certain action commenced by the Securities and Exchange Commission against Global in Case No. CV-S-03-1514-KJD.

3. Pursuant to the Pretrial Order (Document No. 24) the parties admit Plaintiff is authorized to prosecute this lawsuit by the terms of the Order Appointing Plaintiff as Permanent Receiver.

4. Rippe was at all times relevant to this action, a resident of Clark County and did the things herein alleged in Clark County, Nevada.

5. Pursuant to the Pretrial Order (Document No. 24) the parties admit that at all times relevant hereto, Rippe was a Nevada-licensed contractor.

6. Pursuant to the Stipulation and Order to Amend Pretrial Order (Document No. 31) the parties admit Perpetual Investment, Inc.'s status with the Nevada Secretary of State was dissolved on August 16, 2006 (effective March 6, 2006).

7. Pursuant to the Stipulation and Order to Amend Pretrial Order (Document No. 31) the parties admit Rippe is the sole trustee/director of Perpetual Investment, Inc.

8. Pursuant to the Stipulation and Order to Amend Pretrial Order (Document No. 31) the parties admit that notice of the action has been served upon counsel for Robert E. Rippe in his capacity as trustee of Perpetual Investment, Inc.

9. Rippe is the sole shareholder, officer and director of Perpetual.

. . .

10.     Pursuant to the Pretrial Order (Document No. 24) the parties admit on April 4, 2002, Defendants executed a Promissory Note in favor of the Fund for the principal sum of $1,517,000.00, Plaintiff's Exhibit 1, (the "Note").

11.     Pursuant to the Pretrial Order (Document No. 24) the parties admit for purposes of this action, Rippe's liability shall not exceed the $1,517,000.00 principal amount set forth in the Note, interest and fees accrued, together with attorneys' fees and court costs, less the foreclosure bid price of $646,000.00.

12.     Pursuant to the Pretrial Order (Document No. 24) the parties admit, Rippe executed the Note in his capacity as an individual guarantor.

13.     Rippe, in his individual capacity, guaranteed payment of the Note.

14.     Pursuant to the Pretrial Order (Document No. 24) the parties admit Rippe executed the Note as the borrower under the Note in his capacity as an officer of Perpetual.

15.     At the time Rippe executed the Note and modification of the Note, dated October 10, 2002 increasing the principal sum to be loaned to Perpetual to $1,692,000.00, Plaintiff's Exhibit 3, ("Modification"), Rippe was the President and sole shareholder of Perpetual.

16.     Pursuant to the Pretrial Order (Document No. 24) the parties admit at the time Rippe executed the Note and Modification of the Note, Rippe was the President and sole shareholder of Perpetual.

17.     Pursuant to the Pretrial Order (Document No. 24) the parties admit at all times relevant hereto, Rippe was authorized to sign for and on behalf of Perpetual and bind Perpetual.

18.     Pursuant to the Pretrial Order (Document No. 24) the parties admit the Note was secured by a deed of trust ("Deed of Trust") encumbering certain real property commonly known as 1691 Tangiers Drive, Henderson, Nevada 89012, Plaintiff's Exhibit 2, (the "Property").

19.     Pursuant to the Pretrial Order (Document No. 24) the parties admit the Deed of Trust was recorded on April 19, 2002 at Book No. 20020419, Instrument No. 02393 in the Office of the Clark County Recorder.

20.     Pursuant to the Pretrial Order (Document No. 24) the parties admit on October 10, 2002, Rippe, acting on behalf of Perpetual, and Connie Farris, President and Manager of Global,

executed the Modification, increasing the principal sum to be loaned to Perpetual to $1,692,000.00.

21. Pursuant to the Pretrial Order (Document No. 24) the parties admit the Modification was secured by the Deed of Trust, which was re-recorded on October 16, 2002 at Book No. 20021016, Instrument No. 02134 in the Office of the Clark County Recorder, Plaintiff's Exhibit 3.

22. Pursuant to the Pretrial Order, (Document No. 24) the parties admit pursuant to this Court's Order entered September 27, 2006, Plaintiff's Exhibit 25, (Document No. 21), despite Rippe having not signed the Modification as a personal guarantor, Rippe was aware of the Modification, there was no material alteration that increased his risk or caused him injury, and therefore, Rippe is obligated pursuant to the terms of the Modification to the same extent as if he executed it.

23. Rippe and Perpetual agreed to pay interest only monthly installments to the Fund beginning May 25, 2002 with a final payment maturity date on April 25, 2003.

24. Pursuant to the Pretrial Order (Document No. 24) the parties admit Defendants did not pay back the Note by April 25, 2003.

25. Defendants did not pay the outstanding amount of the Note by April 25, 2003.

26. Pursuant to the Pretrial Order (Document No. 24) the parties admit on April 25, 2003, the principal and interest claimed to be due and owing under the Note, as modified, had not been paid.

27. Pursuant to the Pretrial Order (Document No. 24) the parties admit the Borrower's Statement of Account dated January 14, 2004, Plaintiff's Exhibit 5, ("Statement of Account") accurately reflects the loan balance after application of all payments and credits on the Note and Modification.

28. Pursuant to the Pretrial Order (Document No. 24) the parties admit the aforesaid Borrower's Statement of Account accurately reflects the ledger or book balance due on the Note and Modification as of January 14, 2004.

29. Pursuant to the Pretrial Order (Document No. 24) the parties admit no payments have been made by any of the Defendants on the Note or Modification since the Borrower's Statement of Account dated January 14, 2004.

1   30.   Pursuant to the Pretrial Order (Document No. 24) the parties admit on February 23, 2004, Plaintiff recorded a Notice of Breach, Plaintiff's Exhibit 9, of the Note, as modified.

31.   On July 21, 2004, Plaintiff conducted a non-judicial foreclosure sale on the Property in accordance with Nevada law and the terms of the Deed of Trust.

32.   The Court takes judicial notice that the County of Clark, State of Nevada charges a transfer tax based on the Declaration of Value of all nonexempt real estate transfers, including Plaintiff's foreclosure sale of the Property, Plaintiff's Exhibit 12, and that on or before July 22, 2004 Plaintiff paid said tax in the amount of $3,294.60, together with the $16.00 recording fee.

33.   As of July 21, 2004, the total indebtedness owed by Rippe to the Fund under the Note and secured by the Deed of Trust was $1,790,671.10.

34.   The aforesaid total indebtedness owed by Rippe to the Fund as of July 21, 2004 was calculated, based on the foregoing and Plaintiff's Exhibit 39, as follows:

| | |
|---|---|
| Principal: | $1,517,000.00 |
| Interest at 14% (5/25/03 to 07/21/04): | $ 245,416.77 |
| Current Late Charges: | $     1,936.08 |
| Unpaid Late Charges: | $    23,007.79 |
| Real Property Taxes, etc.: | $     3,310.60 |
| **Total:** | **$1,790,671.24** |

35.   As of July 21, 2004, the total indebtedness owed by Perpetual to the Fund under the Note and Modification and secured by the Deed of Trust was $1,911,308.37.

36.   The aforesaid total indebtedness owed by Perpetual to the Fund as of July 21, 2004 was calculated based on the foregoing and Plaintiff's Exhibit 38, including a credit for $40,000 that was never advanced to Perpetual, as follows:

| | |
|---|---|
| Principal: | $1,619,500.00 |
| Interest at 14% (5/25/03 to 07/21/04): | $ 261,999.23 |
| Current Late Charges: | $     1,936.08 |

|  |  |
|---|---|
| Unpaid Late Charges: | $ 24,562.46 |
| Real Property Taxes, etc.: | $ 3,310.60 |
| **Total:** | **$1,911,308.37** |

37. Pursuant to the Pretrial Order (Document No. 24) the parties admit pursuant to the non-judicial foreclosure sale, Plaintiff acquired title to the Property on July 21, 2004.

38. Pursuant to the Pretrial Order (Document No. 24) the parties admit at the July 21, 2004 non-judicial foreclosure sale, Plaintiff credit bid $646,000.00 for the Property.

39. The Defendants Rippe and Perpetual Investment, Inc., had notice of the Receiver's foreclosure sale as required by Nevada law.

40. Pursuant to the Pretrial Order (Document No. 24) the parties admit $646,000.00 is the exact amount of Plaintiff's "as-is" appraisal of the Property dated July 5, 2004.

41. To memorialize the foreclosure sale of the Property a Trustee's Deed Upon Sale was recorded in the Official Records of the Clark County Recorder's Office, Plaintiff's Exhibit 14.

42. There was no unreasonably long delay in completing the foreclosure sale.

43. Pursuant to the Pretrial Order (Document No. 24) the parties admit the improvements on the Property sat in a partially constructed state for approximately 15 months prior to the July 21, 2004, foreclosure sale.

44. Pursuant to the Pretrial Order (Document No. 24) the parties admit that for approximately 15 months prior to foreclosure, the roof was only partially finished, there was bare sheathing, and interior components were exposed to the climatic elements.

45. Neither the Defendant Rippe nor the Defendant Perpetual came forward during the aforesaid 15 months to protect the Property or to complete construction.

46. The Court concludes that any diminishment in the value of the Property for being left exposed to the elements was of a magnitude taken into account by the appraisal testimony of Pamela Kincaid and confirmed by the testimony of Rippe.

47. Pursuant to the Pretrial Order (Document No. 24) the parties admit the pictures attached to the appraisal report (TAN00041-42 Trial Exhibit 15) are accurate depictions of the Property as of the date of the non-judicial foreclosure sale.

48. After acquisition of the Property the Receiver advanced fees for the payment of property taxes, HOA dues, landscaping and general and preventative maintenance.

49. The Court having heard and considered the oral testimony, expert opinions and written appraisal of Pamela Kincaid, Plaintiff's Exhibit 15, finds her to be a credible witness and competent to opine as to the fair market value of the Property at the time of the foreclosure sale, and which opinion was later corroborated by the Receiver's sale of the Property.

50. Upon review of the Appraisal Report of Pamela Kincaid, Plaintiff's Exhibit 15, the Court finds that the square footage set forth in that Appraisal can be reconciled with the Appraisal marked as an Exhibit by Defendants, within 65 square feet, and is hence a credible appraisal.

51. The Court is unwilling to conclude that the real property commonly known as 1720 Tangiers, Henderson, Nevada, is comparable to the Property that is the subject of this lawsuit as there are too many unknown and variable factors with that Property also known and identified in the testimony as Lot 17.

52. The Court having heard the oral testimony of the Receiver, finds him to be unbiased as he has no personal stake in this proceeding, a credible witness, experienced real estate professional who actually surveyed the appropriate real estate market, negotiated with offerors and as a result is competent to opine as to the fair market value of the Property at the time of the Foreclosure sale as an owner or otherwise.

53. The prior determination of this Court as to a fair value for the arm's length negotiated sale of the Property by the Receiver for the gross sum of $662,500, after notice of the motion for an order authorizing such a sale was given to the within Defendants' attorneys of Record, and without any objection by the defendants attorneys or any other party to the referenced proceeding and without any overbid in open court is very probative as to the fair market value of the Property at the time of the foreclosure sale, which prior Order is Plaintiff's Exhibit 27.

54. The defendants introduced no evidence that was probative as to the fair market value of the Property at the time of the foreclosure sale.

55. The Court having considered all of the evidence presented, including pictures of the partially completed construction on the Property, finds that the highest value and fair market value

1  of the Property as of July 21, 2004 was the sum of $646,000.00.

2      56.    Defendant Rippe testified to the construction of an elevator shaft without any of the mechanical elevator equipment having been installed, but without any sufficient detail to enable this Court to assess a value of that elevator shaft to an eventual buyer, or to affect this Court's determination of fair market value of the Property.

    57.    Plaintiff is entitled to a deficiency judgment against Defendant Rippe in the principal sum of $1,144,671.24 together with interest at the contract rate of fourteen percent (14%) per annum from and after July 21, 2004, to and including the date of entry of judgment.

    58.    Plaintiff is entitled to a deficiency judgment against Defendant Perpetual in the principal sum of $1,265,308.37 together with interest at the contract rate of fourteen percent (14%) per annum from and after July 21, 2004, to and including the date of entry of judgment.

    59.    Defendant Robert E. Rippe ("Rippe") testified in defense and without any evidence specifically corroborating his testimony that he acquired the Property about five and one-half years before the foreclosure sale to build a luxury home for resale at a profit, based on fraudulent representations purportedly made in hearsay statements by Connie Farris.

    60.    Defendant Rippe had extensive experience as an accountant, serving as Assistant Controller for companies before he started fifteen years of experience in the banking industry, working his way up to assisting the President of Great Western Savings and Loan in its expansion to 400 branches, and in overseeing all of its lending operations.

    61.    After his banking career, and before acquiring the Property Rippe testified that he worked as a real estate broker licensed by the States of California and Nevada, and a real estate developer in both of those states for about 22 years.

    62.    Mr. Rippe testified that he acquired the Property for no cash down, without knowing who the owner of the property was, without seeing any soils report, engineering reports or lot certification, and without construction plans, a construction budget or a pro forma profit and loss statement, all based on hearsay representations purportedly made by Connie Farris that she would loan whatever it took to complete construction on the Property.

. . .

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

. . .

63.     There was no evidence that any representation made to the Defendants, or either of them, in connection with their original acquisition of the real estate lot on which the Property is located was made so as to be attributable to the Receiver.

64.     Mr. Rippe testified that he signed the Promissory Note, Plaintiff's Exhibit 1, to get the advances made therewith and that he would have signed that note even had he known that Connie Farris would not advance any more money to him.

65.     The Court finds Mr. Rippe's testimony to be imbued with his personal self interests, inconsistent, lacking in evidentiary support and corroboration so as to not be credible in any significant particular.

66.     The Court finds that Mr. Rippe took loan proceeds from Connie Farris and her affiliates with full knowledge that the loan proceeds were forthcoming from third party investors procured by Connie Farris.

67.     The Court finds that Mr. Rippe took loan proceeds from the Promissory Note, Plaintiff's Exhibit 1, with full knowledge that those funds were the proceeds of Global Express Capital Real Estate Fund I, LLC's initial public offering of securities.

68.     The Court finds that Mr. Rippe knew at the time he received loan proceeds as herein set forth, or should have known and is deemed to have known that Connie Farris was operating a fraudulent scheme in violation of the securities laws of the United States while operating a Ponzi-like scheme to defraud investors, as more particularly set forth in this Court's Order, Docket No. 509, Case No. CV-01514-KJD-LRL, filed March 28, 2006.

69.     The Court finds that Mr. Rippe was inveigled by Connie Farris' purported promise that $55,000,000 of the Public Securities Offering Proceeds would be loaned to him and his affiliates.

70.     The Court finds that Mr. Rippe was unreasonable in any reliance, if any, on the puffery of Connie Farris and was not justified in so relying, and in fact testified that he did not so rely when he executed the Note, Plaintiff's Exhibit 1.

71.     Any Conclusion of Law hereafter recited which should be deemed a Finding of Fact

is found to be true in all respects and is hereby adopted as such.

From the above Findings of Fact, the Court draws the following Conclusions of Law:

### **CONCLUSIONS OF LAW**

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. Plaintiff is entitled to final judgment against Robert E. Rippe individually as guarantor, and as trustee of Defendant Perpetual Investment, Inc. as a result of Perpetual Investment, Inc.'s dissolution, to the extent provided by N.R.S. 78.595.

3. Plaintiff was entitled to have the deed of trust foreclosed and the land sold in the manner prescribed by law and is thus entitled to have the proceeds of such sale applied to the payment of moneys due Plaintiff.

4. N.R.S. 40.459, applicable to this case, provides:

> After the hearing, the court shall award a money judgment against the debtor, guarantor, or surety who is personally liable for the debt. The Court shall not render the judgment for more than:
>
> 1. The amount by which the amount of the indebtedness which was secured exceeds the fair market value [to be determined at the time of trial] of the property sold at the time of the sale, with interest from the date of the sale; or
>
> 2. The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, with interest from the date of sale, whichever is the lesser amount.

5. N.R.S. 40.459(1) requires that the fair market value of the Property be determined as of July 21, 2004.

6. In reaching its determination of the fair market value of the Property, this Court was not bound by the opinion of testimony of the qualified appraiser, and considered all admissible evidence in reaching its determination of the fair market value of said Property.

7. Defendants' failure to produce any credible evidence of the Fair Market Value of the Property at the time of the foreclosure sale leads this court to infer and conclude that Defendants had no evidence of any higher fair market value than that adduced by Plaintiff.

8. Plaintiff was not under any obligation to mitigate damages prior to the foreclosure

sale and, accordingly, Defendants are not entitled to any offset of the deficiency amount.

9. The Holder of a Deed of Trust has no duty to secure the real property before completing a foreclosure sale, nor any right to so proceed or go onto the real estate before foreclosure, unless otherwise provided by a contractual provision not evident in this case.

. . .

10. The holder of a trust deed does not have a legal duty to promptly foreclose on real property in the event of a default.

11. Defendants did not meet their burden of proof that misrepresentations or concealment of material facts were made by Global and/or Connie Farris or any of their affiliates, without regard to whether that burden of proof is by a preponderance of the evidence or by a clear and convincing evidence standard.

12. Defendants did not meet their burden of proof that they were wrongfully induced into making and executing the Note, Plaintiff's Exhibit 1, by reason of any alleged misrepresentations or concealment of material facts by Global and/or Connie Farris or any of their affiliates, without regard to whether that burden of proof is by a preponderance of the evidence or by a clear and convincing evidence standard.

13. Defendants did not meet their burden of proof that they justifiably relied on any misrepresentations or concealment of material facts by Global and/or Connie Farris or any of their affiliates, in making and executing the Note, Plaintiff's Exhibit 1, without regard to whether that burden of proof is by a preponderance of the evidence or by a clear and convincing evidence standard.

14. Defendants have waived any defense of claiming fraud in the inducement by reason of having entered in the Note and Modification, Plaintiff's Exhibit 1 and 2, by making and executing those documents with full knowledge of the true facts.

15. Defendants are accordingly not entitled to have the Note voided for wrongful inducement.

16. Global did not breach its obligations under the Note, as modified, by failing to provide necessary funds to complete the Property's improvements.

17. Defendants are not excused from performance under the Note as a result of Global's failure to fully fund the development and construction improvements on the Property.

18. Plaintiff's claim of deficiency is not barred by any alleged dilatory conduct of Plaintiff and/or Global.

. . .

19. The Court further concludes, in addition to Conclusions 9 through 16, *supra*, that each of the defenses set forth in said Conclusions and as raised and presented at trial by defendants had previously been resolved by this Court's Order Granting Plaintiff's Motion for Partial Summary Judgment entered September 27, 2006, as Document 21, Plaintiff's Exhibit 25.

20. The Court concludes that by reason of the foregoing conduct and knowledge, that Defendants are estopped to deny the enforceability of the Note, Plaintiff's Exhibit 1, and to the extent applicable are barred from raising their affirmative defenses by reason of the doctrine of unclean hands.

21. Plaintiff having prevailed is entitled to an award of its attorneys' fees by reason of the provisions of the contract and NRS 18.010(4). The amount of said attorneys' fees shall be reasonable and determined by this Court on a ruling on Plaintiff's motion for an award of attorneys' fees duly made and noticed after entry of judgment hereon.

22. Plaintiff having prevailed is entitled to an award of pre-judgment interest by reason of the provisions of the contract. The amount of said interest shall be calculated by Plaintiff and determined by this Court on a ruling on Plaintiff's motion for an award of pre-judgment interest duly made and noticed after entry of judgment hereon.

23. Plaintiff shall be entitled to its costs of suit as provided by law.

24. Judgment for Plaintiff shall be entered in accordance with the foregoing Findings and Conclusions.

1    25.    Any Finding of Fact which should be a Conclusion of Law is hereby adopted as
2 such.

3    DATED:  June 6, 2007.



_____
UNITED STATES DISTRICT JUDGE

KOLESAR & LEATHAM, CHTD.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Tel: (702) 362-7800 / Fax: (702) 362-9472

F:\Orders\civil\04-cv-1172#58.doc    - 13 -